FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2007 MAY 10  PM 4:00

RALPH L. DELOACH
CLERK
BY_____DEPUTY
AT KANSAS CITY, KS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CAROL A. POLLARD
_____  )
                                 )
_____  )
                                 )
_____  )
(Enter above the full name of the Plaintiff(s)  )
                                 )
vs.                              )
                                 )
GENERAL ELECTRIC CONSUMER FINANCE  )
Name                             )
                                 )
9510 W. 67th Street              )
Street and number               )
                                 )
MERRIAM KANSAS 66203             )
City        State        Zip Code  )

Case Number: 07-CV-2201  JWL/JPO

(Enter above the full name and address of the
Defendant in this action - list the name and address
of any additional defendants on the back side of
this sheet).

## CIVIL COMPLAINT PURSUANT TO
## TITLE VII OF THE
## CIVIL RIGHTS ACT OF 1964
### or
### 29 U.S.C. § 621-634(b)
### (Age Discrimination in Employment Act)
### or
### 42 U.S.C. § 12111 et seq.
### (Americans With Disabilities Act)

Mark the statute that you are filing this complaint under:

_____ Title VII of the Civil Rights Act of 1964.

_____ 29 U.S.C. § 621-634 (b) (Age Discrimination in Employment Act)

__X__ 42 U.S.C. § 12111 et. seq. (Americans With Disabilities Act)

1

1.   Plaintiff resides at:   10 S 700 Hyacinth Drive #21-F   Willow Brook IL. 60527

     General Electric-9510 W. 67TH ST. Merriam KS, 66203

2.   Defendant employer(s) reside or can be served with process at the addresses set forth in the caption above.

3.   This Action is brought for employment discrimination, pursuant to one or both of the following laws:

     a.   _X_   Title VII of the Civil Rights Act of 1964 for employment discrimination.

     b.   _____   Age Discrimination in Employment Act of 1967, codified at 29 U.S.C. § 621-634(b), as amended, for employment discrimination based on age;

     c.   _X_   Americans With Disabilities Act, codified at 42 U.S.C. § 12111 et. seq., for employment discrimination based on disability.

Jurisdiction is conferred on this court pursuant to 29 U.S.C. § 626(c)(1), 42 U.S.C. § 2000e-5, or 42 U.S.C. § 12117.  If the plaintiff is a federal employee, jurisdiction is conferred on this court pursuant to 29 U.S.C. § 633a(c).

4.   Venue is invoked pursuant to 28 U.S.C. § 1391.

5.   Defendant's conduct is discriminatory with respect to the following:

     a.   _____   My race or color, which is _____.

     b.   _____   My religion, which is _____.

     c.   _____   My sex, which is _____ male; _____ female.

     d.   _____   My national origin, which is _____.

     e.   _____   My age, in violation of 29 U.S.C. § 623.

     f.   _X_   My disability or perceived disability, which is Insulin Dependant Diabetic With Peripheral Neuropathy.

     g.   _____   Other as specified below:

          _____

          _____

          _____

2

6.       The plaintiff is an employee within the meaning of the above-cited statutes.

7.       If this is an age discrimination case, the plaintiff states the following:

      a.       Plaintiff is within the age limits as prescribed by 29 U.S.C. § 631(a).

      b.       My age at the time of the alleged discriminatory conduct was _____.

      c.       My year of birth is _____.

8.       The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 28 U.S.C. § 1343 and 29 U.S. C § 630(b)(c) and (d).

9.       The defendant(s) is (are) engaged in commerce within the meaning of the above-cited statutes.

10.      The conduct complained of in this action concern:

      a.     \_\_\_\_\_ Failure to employ

      b.     \_\_\_\_\_ Termination of employment

      c.     \_\_\_\_\_ Failure to promote

      d.     \_\_\_\_\_ Unequal terms and conditions of employment

      e.     \_\_\_\_\_ Reduction in wages

      f.     \_\_\_\_\_ Retaliation

      g.     \_\_x\_\_ Failure to accommodate disability

      h.     \_\_\_\_\_ Other acts as specified below:

_____

_____

_____

_____

_____

11.   The facts surrounding my claim of discrimination are:

_____   _____   _____

_____   _____

              SEE ATTACHED

_____   _____

(If more space is needed you may attach additional sheets of 8½" X 11" paper.)

12.   The alleged discriminatory conduct occurred on or about ___01/03/2006___

      at ___GE Merriam Kansas Call Center.___

13.   In accordance with 42 U.S.C. § 2000e-5, 29 U.S.C.§ 626(d) and 29 U.S.C. §
      633(b), or 42 U.S.C. § 12117, more than sixty (60) days have elapsed since filing a
      charge alleging unlawful discrimination with the Kansas State Division of Human Rights,
      the Kansas Commission on Human Rights or the Equal Employment Opportunity
      Commission.

14.   In accordance with 28 U.S.C. § 1343 or 29 U.S.C. § 633a(d), of this is an Age
      Discrimination action, a thirty (30) day Notice of Intent to File this action has been
      given to the Equal Employment Opportunity Commission.

15.   I filed charges with the Kansas State Division of Human Rights or the Kansas State
      Commission on Human Rights regarding the alleged discriminatory act on

      _____.

16.   I filed charges with the Equal Employment Opportunity Commission regarding the
      alleged discriminatory act on ___05/2006_____.

17.   I filed a Notice of Intent with the Equal Employment Opportunity Commission on
      ___01/2007_____.

18.   The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter
      (copy attached) which was received by me on or about _02/09/2007_.

19.   If relief is not granted, plaintiff will be irreparably denied the rights secured by the Age
      Discrimination in Employment Act of 1967, as amended, by Title VII of the 1964 Civil
      Rights Act, as amended, or by the Americans With Disability Act.

20.   Plaintiff demands trial by jury.   Yes_____  No _X_

                              4

WHEREFORE, plaintiff prays that:

a.    The court grant the relief stated in 42 U.S.C. § 2000e-5, 29 U.S.C. § 633a(c), or 42 U.S.C. § 12117, including damages in the amount of $ ___250,000___ .

b.    The court grant such other legal or equitable relief as the court deems just and proper, including attorney's fees and costs.

_____
Signature of Plaintiff

___CAROL A. POLLARD_____
Name (Print or Type)

___10 S 700 Hyacinth Drive___
Address

___Willowbrook   IL   60527___
City        State        Zip Code

___(630) 325-2275_____
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates ( Wichita,   (Kansas City)   or     Topeka ), Kansas as the location for the
(circle one location)
trial in this matter.

_____
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury ( yes   or  (no)).
(circle one)

_____
Signature of Plaintiff

Dated: 5-27-07
(Rev. 9/04)

STATEMENT

In October 2005 I was released from the hospital after a 4 day stay.  My
condition merited my doctor to only approve me to return to work at that time
on a part time basis.  I contacted Mr. Jeremy Galley, who was the case manager
who handled my short term disability payments, Through my employer General-
Electric.  I advised Mr. Galley that I had not been released at that point,
to resume my full-time work schedule, and were there any other options that
were available to me at that time.  Mr Galley advised me that as per the GE
employee benefit handbook, as a non exempt employee the GE disability center,
and my manager would work with me to enable me to return to productive work as
soon as possible.  I then contacted my immediate supervisor, Kevin Haney to let
him know about my conversation with Jeremy Galley.  Mr. Haney advised me that he
would have to get my modified schedule approved by his manager, before we could
set my return to work date.  Mr. Haney contacted me and confirmed that he had
received approval from his supervisor, to alter my work schedule to 20 hours
per week.  I contacted Mr. Galley, and advised him of the modified schedule,
my return to work date, and that I was faxing him a copy of my doctors release.
Mr. Galley contacted me a short while later, and told me that every thing was set
for me to start back to work.  Mr. Galley confirmed that my extended illness
benefits payment could continue up to six weeks, or until I was released to my
full time schedule, which according to my employee benefits handbook, could last
up to six weeks.  I returned to work on 12-27-2005, and worked 1 week.  At the
end of the first work week, I contacted the disability center to see why I was
not paid disability payments, for the approved modified schedule.  Mr. Galley
was not returning my calls, so I spoke to his supervisor Ms. Warner.  Ms Warner
told me that Mr. Galley had made a mistake, in approving my schedule and that it
would be best, if I would not return to work until my doctor released me to a
fulltime schedule.  She would not expound on the reason that I was being denied
my right to utilize the transistional work assignment, despite the fact that I
had completed the full week, without any problems.  I contacted my supervisor,
Kevin Haney, and inquired as to why this was happening, when he had just told me
at the end of the work week, that he was satisfied with my work performancefor
the modified schedule.  I asked him what he thought that I should do, and he told
me that I should come in and turn my Badge in, and to clean out my work station.

I was so very upset over what he was saying, I could not believe that he would

Page 2.


Not make an effort to at least try to find out why I wasnot allowed
to continue working.  I told Mr. Haney that my husband, who has been on a
total disability from his employer for several years, was unable to work and
as a result my family relied very much on my earnings.  I assure you that Mr.
Haney had a clear understanding of why I was so very distraught about the
decision that GE had made.  My efforts were futile, and I was left with no
other recourse, but to eventually move from my home in Kansas after living
there for nine years, back to Illinois where I lived prior to moving to Kansas
This past year, has been a nightmare for both my family and myself.  In addi-
tion, to losing my home, my car was repossed and my credit is a mess.  I have
made every effort to resolve this matter with GE, however it still has not
been resolved.  Which has left me no other recourse, but to file this law suit


Respectfully yours

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Carol  Pollard
   10 S 700 Hyacinth Drive - 21-F
   Willowbrook,, IL 60527

From:  Kansas City Area Office - 563
   Gateway Tower II
   400 State Avenue
   Kansas City, KS 66101

☐  On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2006-00929 | Maxine I. Nelson, Investigator | (913) 551-5758 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

[X]  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

for  **James R. Neely, Jr.,
   Director**

2|9|2007
*(Date Mailed)*

Enclosures(s)

cc:   **GENERAL ELECTRIC CONSUMER FINANCE
   9510 W 67th St
   Merriam, KS 66203**

Daniel B. Boatright, Attorney
1000 Walnut Street – Suite 1400
Kansas City, MO  64106-2140